**C. E. SWEENEY, Sr., Appellant,**

**v.**

**FLORIDA EAST COAST RAILWAY COMPANY, Appellee.**

**No. 24686.**

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1968.

Rehearing Denied Feb. 13, 1968.

Harold A. Ross, Cleveland, Ohio, Delbridge L. Gibbs, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., for appellant, Ross & Kraushaar, Cleveland, Ohio, of counsel.

John D. McKee, Jr., Miami, Fla., Terry, McKee & Stephens, Miami, Fla., and H. T. Cook, Gen. Atty., Florida East Coast Ry. Co., St. Augustine, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

TUTTLE, Circuit Judge:

On March 16, 1965, the National Railroad Adjustment Board, First Division, made an award to the appellant, C. E. Sweeney, a locomotive engineer, stating that he was "entitled to be compensated for time lost, including specifically any vacation pay due * * * for the period from the date of his dismissal, May 25, 1962, to his compulsory retirement date, April 30, 1964, (both dates inclusive)." Sweeney, having received no such compensation from the appellee railroad company, brought this suit in the United States District Court under Title 45 U.S.C.A. § 153, First (p), to enforce this award.

It was undisputed that Sweeney had been discharged on May 25, 1962, and

that he went to work in the same capacity as engineer for Baltimore & Ohio Railroad on May 28th, which employment he continued to hold until June 25, 1963. It is also agreed by the parties that Sweeney held dual seniority on the Baltimore & Ohio and the defendant Florida East Coast Railway Company, and that "for several years prior to his dismissal, he divided his working year, usually working the months of June through October with the B & O in the Philadelphia area, and the balance of the year with the F.E.C. in the Miami area."

Defendant F.E.C. requires its engineers to retire at the age of seventy. Sweeney reached that age on April 30, 1964, and that was the reason for the inclusion of that date as the end of the period for which he was entitled to compensation for "time lost" by the N.R.A.B. award. The B & O has no compulsory retirement age for engineers. It does have, however, a B & O annuity plan designed to supplement retirement benefits which an employee receives under the Railroad Retirement Act. The plaintiff was a member of this B & O plan. It is financed by voluntary contributions in equal amounts by the employee and by the B & O, and beginning with employee's retirement, pays him an annuity in monthly installments in addition to the annuity under the retirement act. In order to receive monthly annuity payments under the B & O plan, the plaintiff was required to resign prior to July 1, 1963 (as noted above he retained his employment with B & O until June 25, 1963).

Accordingly, the plaintiff applied to the Railroad Retirement Board for and received his annuity under the Railroad Retirement Act, effective June 26, 1963. He received wages from B & O of $7,115.-81 in 1962, and $7,476.29 in 1963 (prior to his retirement). During the period June 26, 1963 (the date of his retirement) to April 30, 1964, the plaintiff received $1969.28 and his wife received $378.20, a total of $2347.48, as annuity payments under the Railroad Retirement Act.

It is not contested that but for the improper dismissal of Sweeney he would have continued to work for the defendant, subject to his annual custom mentioned above to work part time each year for the B & O, until he reached mandatory retirement on April 30, 1964.

The parties stipulated in the trial court that "the only question to be determined by this court, is the amount of money, if any, plaintiff is entitled to for time lost, interest, costs, and attorneys' fees."

The district court found that "this is a dispute between the parties to this cause which involves an interpretation of the above described award." Then, considering the effect to be given to the amendment to the Railway Labor Act of June 20, 1966, the court concluded that it was without jurisdiction to determine "whether the Railroad Adjustment Board intended the subject award be one for gross wages or net wages lost during the said period * * * Whether the Railway Adjustment Board intended the common law rule mitigating damages be applied, thereby subtracting from any award wages which were earned or could have been earned by the employee during the subject period, or whether the Railroad Adjustment Board intended a gross award of full award for the subject period disregarding plaintiff's employment with the Baltimore & Ohio R. R. Company."

Thereupon the trial court dismissed the action, holding that the dispute must be resolved upon the request of either party by the Division of the Railroad Adjustment Board which rendered the award.

The basis for the trial court's decision, and of the appellee's argument before this court, is that by amending 45 U.S. C.A. § 153, First (m) of the Railway Labor Act, Congress withdrew from the federal courts' jurisdiction to decide such an issue as is here presented. In order to understand the reasoning back of this position it is necessary to recite a little history.

Prior to the amendment, this section of the Railway Labor Act, provided:

"The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, *except insofar as they shall contain a money award*." (Emphasis supplied.)

The amendment of June 20, 1966, struck the italicized language in the section.

The parties agree that in the case of Gunther v. San Diego & Arizona Eastern Railway Co., 382 U.S. 257. 86 S.Ct. 368, 15 L.Ed.2d 308, the Supreme Court had decided that under the law as it then existed, the district court could entertain a lawsuit which could "proceed on this separable issue [a money award] 'in all respects as other civil suits' where damages must be determined," and that, therefore, under Gunther this suit would be a proper controversy in the district court but for the 1966 amendment. The appellant contends that the amendment did not deprive the district court of the power to enforce the instant award because he says the award of "compensation for all time lost" is a plain and unambiguous adjudication that Sweeney is entitled to be made whole by receiving the dollar amount that he did not receive from the Florida East Coast Railway Company, on the assumption that he would have worked every day from the date of the discharge until his retirement date had it not been for the illegal termination of his services.

The carrier, on the other hand, contends that the term used by the Railway Labor Board "all time lost" is ambiguous and this ambiguity can be resolved only by the labor board itself under the provisions of 45 U.S.C.A. § 153 First (m) which provides: "In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute." It is the appellee's contention that the elimination by Congress, in adopting the amendment of 1966, of the exception from the "final and binding" character of decisions "insofar as they shall contain a money award" deprived the federal courts of the power to enforce an award of the Adjustment Board unless such award be expressed in terms of dollars and cents.

The appellee reads too much into the 1966 amendment. Before that amendment the parties were at liberty to conduct a lawsuit in the district court as to the amount to which the employee would be entitled to receive upon the assumption that all of the other issues in the controversy were accepted as binding on the parties. That meant that, in the instance of this case, had an award been made for Mr. Sweeney, that in precise terms stated that he was entitled to compensation for "all time lost, without deduction for any compensation received by him for other employment," it would nevertheless be open to the railroad company to, in effect, appeal from this decision to the district court and have a new trial in an effort to establish that, instead of the award made by the adjustment board, the court should enter a judgment for an entirely different amount, arrived at by awarding compensation "for all time lost by Sweeney, after deducting compensation earned by him in similar or other capacities to the date of his compulsory retirement." In other words, the money award was subject to litigation de novo prior to the adoption of the amendment. It is no longer subject to such litigation. That is all that was accomplished by the adoption of the 1966 amendment referred to above.

The parties now are bound by the decision of the Adjustment Board that Sweeney is entitled to "compensation for all time lost," whatever that may mean. We find no judicial authority for the proposition that it is not a proper function of the district court, when a suit is filed to enforce this award, to determine what actual dollars and cents the employee is entitled to under such an award by the Adjustment Board. In

fact, in a case in which the appealability of an award on grounds other than the amount involved was passed upon by this court, Hodges v. Atlantic Coast Line R.R. Co., 5 Cir., 363 F.2d 534, decided after the effective date of the amendment above cited, this court held "there only remains the question of further proceedings with reference to the monetary award due * * * as back pay * * *. The district court has authority under the Railway Labor Act to determine *the amount of that award* as stated in subdivision IV of the Gunther opinion." (Emphasis added.) 363 F.2d 534, 540. The monetary award due in that case was couched in substantially the same language as that in favor of Sweeney here. The language was "he shall be paid for all time lost since January 29, 1963."

While the issue now raised was not presented or discussed in the *Hodges* case, that decision precisely directed that the district court should carry into effect the monetary award providing for payment "for all time lost."

Appellant goes further and argues that this court should not only reverse the judgment of the district court dismissing the complaint, but should adjudicate the issue on the merits in order to avoid any longer delay in the payment of an amount which Sweeney became entitled to several years ago. For a man living long since past the seventy-year retirement age, this is not an insignificant consideration.

■ With reference to the several sample orders of the Railway Labor Board which sometimes provide for "all time lost," without more, and which sometimes provide for the allowance of a claim with the added proviso "earnings and other employment or unemployment compensation received during the same period will be deducted" or some such similar language, it is plain that in a substantial number of cases the Board has adopted the latter method of compensating an employee for whom it granted an award. However, there seems to be no real doubt but that when the Railway Adjustment Board undertook to do this, it used language that made it clear beyond doubt that there was to be deducted from the amount of time lost compensation earned by the employee from other sources. Moreover, it appears in some of the awards that dissents were filed by either the employee member or the carrier member that highlighted this precise point, thus indicating that the Board knew exactly how to word an award when it wished to give a monetary award for all time lost without deductions. We conclude that the language used here required that the trial court find Sweeney was entitled to the total amount of his "time lost," without deductions except for the circumstances that are stated below.

The appellant's brief asserts that "for several years prior to his dismissal [Sweeney] divided his working year, usually working the months of June through October with the B & O in the Philadelphia area, and the balance of the year with the F.E.C. in the Miami area." The appellee, in its brief, accepts this statement of the case without demur. Therefore, it is plain that for the period of June through October of the year 1962 following his dismissal from his job with the Florida East Coast, he did not suffer any "time lost" with the F.E.C. by reason of the illegal dismissal. Thus, in computing the money judgment to which Sweeney is entitled, the court should deduct the compensation received by him during the months June through October during the year 1962 from the B & O Railroad. This is not inconsistent with the interpretation of the language of the award to apply to the entire time lost without deductions for other compensation received by him through his efforts to diminish or minimize the damages suffered by reason of his dismissal. It is merely a recognition of the fact that the work he did for the B & O Railroad in the months of June through October, 1962, were through his choice and not on account of his dismiss-

al by the Florida East Coast Railway Company. This time was not "time lost."

Although the amendment was enacted after this award was made and after the suit was filed in the district court, nevertheless both parties agree that to the extent it is applicable it controls the disposition of this case, and we have dealt with it in that manner, holding as we do that the elimination of the right theretofore existing to appeal from a money award does not deprive the federal district court of jurisdiction to determine how much is to be paid when a money award is made, as in this case, and under the circumstances here present, for "all time lost."

The assignment by Sweeney to the Railroad Retirement Board of the amount received from it by him out of any judgment obtained by him in this action can be given effect by the district court upon remand.

The judgment is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

Albert V. Bryan, Circuit Judge, dissented in part.