**ORDER OF RAILROAD CONDUCTORS AND BRAKEMEN, etc., et al., Petitioners,**

v.

**ERIE LACKAWANNA RAILROAD COMPANY, Respondent.**

**Civ. A. No. C 68–61.**

United States District Court
N. D. Ohio, E. D.
April 8, 1969.

Harrison M. Fuerst, Stanley M. Fisher, Fuerst, Fisher, Levy & Goulder, Cleveland, Ohio, for plaintiffs.

John H. Ritter, Robert M. Weh, Arter & Hadden, Cleveland, Ohio, for defendant.

## MEMORANDUM

BEN C. GREEN, District Judge.

This action was brought seeking enforcement of an award of the National Railroad Adjustment Board (NRAB).

On or about February 2, 1964 a dispute arose regarding the discharge of petitioner J. A. Hinkson from employment by the defendant Erie Lackawanna Railroad Co. Following established procedures, the dispute was handled as an internal grievance and, failing to reach an adjustment thereof, was referred to the NRAB, First Division, pursuant to the provisions of the Railway Labor Act, 45 U.S.C. § 153, First, (i). On September 21, 1967, the Board issued its award. The decision therein and the award, which are the principal subjects of controversy in this action, provided:

> It is, therefore, our considered judgment that the Claimant herein should be restored to service, seniority unimpaired, but with pay for time lost effective only from February 1, 1966.

> *AWARD:* Claim sustained to the extent that Claimant shall be reinstated, seniority rights unimpaired, but with payment for time lost effective only from February 1, 1966.

Subsequent to the rendition of the award by the NRAB a dispute arose as to its meaning. Petitioners contend that Mr. Hickson is entitled to the entire amount which he would have earned from February 1, 1966 until his return to service. It is stipulated that such earnings would have amounted to $16,-496.07. The respondent Railroad Co. contends that the award does not contemplate payment to Mr. Hickson of a sum representing other earnings during the relevant period. It is stipulated that his outside earnings from the period February 1, 1966 to October 21, 1967 amounted to $9,387.28. The respondent

has paid to Mr. Hickson the sum of $7,108.79, representing the difference between the two stipulated wage figures.

Petitioners have moved for summary judgment, contending that the award of the NRAB is a final order which should be enforced by the Court in the sum of $16,496.07.

Respondent initially filed a motion to dismiss the complaint for lack of subject matter jurisdiction but has, in later submissions, determined to treat its motion as one for summary judgment. It is the contention of the respondent that the NRAB award is ambiguous, does not represent a final order, and that the matter should be remanded to the Board for a resolution of the dispute between the parties.

These motions raise an issue of law concerning this Court's jurisdiction over NRAB awards pursuant to 45 U.S.C. § 153, First, (m), (p) and (q). Those code sections, in pertinent part, are as follows:

> (m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the award shall be furnished to the respective parties to the controversy, *and the awards shall be final and binding upon both parties to the dispute* * * *.

> (p) * * * The district courts are empowered, * * * to enforce or set aside the order of the division of the Adjustment Board: *Provided, however,* That such order may not be set aside except for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

> (q) If any employee * * * or any carrier * * * is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee * * * or carrier may file

in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order. * * * The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. * * *

Petitioners contend that the order in question herein is a final and binding order which must be enforced under subsections (m) and (p). Respondent contends that remand to the Board under subsection (q) is necessary in order to resolve the award's ambiguity.

█ It does appear that this Court has jurisdiction to remand this proceeding to the NRAB although neither of the parties to the dispute has brought a petition pursuant to subsection (q). Transportation-Communication Employees Union v. Union Pacific R. R. Co., 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966); Brotherhood of Railroad Signalmen v. Southern Railway Co., 380 F.2d 59 (CA 4, 1967), cert. den. 389 U. S. 958, 88 S.Ct. 324, 19 L.Ed.2d 368. The determinative issue, therefore, is whether the subject award is final within the purview of subsections (m) and (p).

There is little law in this area. Prior to 1966 subsection (m) provided that awards of the NRAB were final and binding "except insofar as they shall contain a money award." Under that proviso it was held that money awards could be appealed from the NRAB to the Federal District Courts for a de novo

hearing on the amount of the award. Gunther v. San Diego and Arizona E. Ry. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). Consequently, there was no need for the courts to determine the intended effect of awards insofar as they pertained to recovery of sums of money. That situation has been changed by virtue of a 1966 amendment to the Railway Labor Act which deleted the phrase quoted above from subsection (m).

As its authority for the proposition that the instant award is final and should be enforced in the sum of $16,-496.07 petitioners rely on the decision in Sweeney v. Florida East Coast Ry. Co., 389 F.2d 113 (CA 5, 1968). The opinion therein reflects that the NRAB held that an employee found to have been improperly discharged was "entitled to be compensated for time lost; including specifically any vacation pay due * * for the period from the date of his dismissal, May 25, 1962, to his compulsory retirement date, April 30, 1964, (both dates inclusive)." A dispute arose between the parties as to whether the carrier was required to compensate its former employee in a sum representing what his entire earnings would have been without regard to outside earnings. The District Court held that it was without jurisdiction to resolve the dispute, and dismissed an action brought to enforce the award. The Court of Appeals reversed, and ordered judgment entered in the petitioner's favor for the full amount of his earnings. The Court of Appeals held that while the parties and the courts were bound by the NRAB award, the courts still had authority to construe the award and enter judgment based thereon. It was the conclusion of the Court of Appeals that the NRAB "knew exactly how to word an award when it wished to give a monetary award for all time lost without deductions", and that the language used in the award in question "required that the trial court find Sweeney was entitled to the total amount of his 'time lost' without deductions."

The *Sweeney* decision appears to be the only case holding as it does. In three other similar actions the courts have reached a contrary result.

In Brotherhood of Railroad Signalmen v. Chicago, Milwaukee, St. Paul & Pacific R. R. Co., 284 F.Supp. 401 (D.C.N.D. Ill., 1968) the court had for consideration an award requiring a carrier to "compensate" an employee "for forty (40) hours per week at the pro rata rate, and for all overtime hours worked by the Signal Crew at the punitive rate, beginning November 30, 1962, and continuing until this claim has been satisfied." The court ruled that such award was not final and capable of enforcement as it was "impossible to tell whether [the] award did or did not contemplate the deduction of outside earnings."

In Hanson v. Chesapeake and Ohio R. R. Co., 291 F.Supp. 401 (D.C.S.D.W.Va., 1968) the court found that an award which "sustained" a claim relating to a group of employees which included under its relief a request that all the affected employees be "compensated for any and all loss or adverse effect" was not final and capable of enforcement as it related to money awards to the employees involved. The court in *Hanson* considered the prior rulings in the *Sweeney* and *Railroad Signalmen* cases in the course of arriving at its decision. While stating that the court agreed with the Fifth Circuit opinion in that "it is a proper function of a District Court when suit is filed to enforce an award of the Railroad Adjustment Board 'to determine what actual dollars and cents the employee is entitled to'", the opinion clearly appears to be more receptive of the basic philosophy of the *Railroad Signalmen* holding.

The *Sweeney* decision was also considered in Pompeo v. Erie-Lackawanna R. R. Co., Civil 9566, D.C.W.D.N.Y., 6/24/68. The court therein held that an award which directed that an employee be "paid for lost time from May 20, 1958" was "so incomplete as to warrant remand to the Board for further deter-

mination of the monetary award." One of the elements in dispute between the parties to the award was the question of deduction of other earnings.

 Having considered the foregoing authorities, and taking into account that the basic premise of the Railway Labor Act is to provide the NRAB as an exclusive and expeditious forum for resolution of controversies such as is here involved, Pompeo v. Erie-Lackawanna R. R. Co., supra, pp. 7–10, it is this Court's conclusion that the award under consideration is too vague to be held as a final award capable of judicial enforcement and that the NRAB is the proper forum in which the issue as to outside earnings is to be resolved. It is this Court's opinion that the reason for the ambiguity in the language of the instant award may be that the NRAB had not altered the general form of its awards as of the time its decision was rendered herein to reflect the change of the law resulting from the 1966 amendment. The Court would recommend that if such change has not yet been made, the Board adopt a policy of rendering more specific awards to avoid a continuing reoccurrence of the problem posed by this lawsuit.

 If the *Sweeney* ruling is to be construed as holding that the courts have jurisdiction to convert a clear award of the NRAB on the question of compensation of an employee into a dollar figure for purposes of enforcement thereof, as appears to have been the view of the court in the *Hanson* case, then this Court is in accord with that general proposition. On the other hand, if *Sweeney* stands for the broader proposition that the courts may interpret the language of an NRAB award "to determine how much is to be paid when a money award is made" this Court must respectfully disagree with such a view.

Respondent's motion for summary judgment will be granted and this matter will be ordered remanded to the NRAB for further proceedings.