Fletcher H. HANSON et al., Appellants,

v.

The CHESAPEAKE AND OHIO RAILWAY COMPANY, a corporation, Appellee.

No. 12891.

United States Court of Appeals Fourth Circuit.

Argued May 6, 1969.

Decided June 13, 1969.

Robert O. Ellis, Huntington, W. Va., for appellants.

William C. Beatty, Huntington, W. Va. (Huddleston & Bolen, Huntington, W. Va., on the brief), for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The district court, concluding that the 1966 amendments to the Railway Labor Act deprived it of jurisdiction to enforce an award of the third division, National Railroad Adjustment Board, dismissed these actions and remanded the proceedings to the board.[1] We believe, however, the amendments did not work such a drastic change in the district court's jurisdiction over the board's awards, and we vacate the judgment of dismissal.

In 1960 the board found that the Chesapeake & Ohio Railway had violated its collective bargaining agreement with the Brotherhood of Railway and Steamship Clerks, Freight-Handlers, Express and Station Employees by unilaterally removing work from the Huntington, West Virginia seniority district to the Ashland, Kentucky seniority district. The award provided in part:

"(b) That each and every employe whose position was nominally abolished, other employes at interest who in any way suffered wage loss or were adversely affected, through the arbitrary action of the Carrier in disregarding their seniority rights and removing their work to another seniority district and denying them the right to follow such work be compensated for any and all loss or adverse effect retroactive to the date on which the violation occurred. Claim to continue until correction is made."

After the C & O paid the employees who it conceded were adversely affected,[2] 29 employees brought these actions contending that they, too, were entitled to compensation, and 11 more sought to have their compensation increased. Initially unsuccessful, the employees finally established the validity of that portion

1. Hanson v. Chesapeake & O. Ry., 291 F. Supp. 401 (S.D.W.Va.1968).

2. The C & O, after negotiating with the union, paid $59,104 to 59 employees. The union acquiesced in this settlement of the award and has not participated in the litigation that followed.

of the award which found that the C & O had violated the collective bargaining agreement, and the case was remanded to the district court for a determination of the damages to which each was entitled.[3] The district judge referred the claims to a special master, who ruled on the status of the employees, holding some within the class covered by the award and others not. However, the district judge, in dismissing the case for lack of jurisdiction, did not consider the merits of the report.

In 1966, Congress enacted amendments to the Railway Labor Act [4] which the C & O contends deprived the district court of jurisdiction. Before 1966 the Act [45 U.S.C. § 153, First, (m)] provided in part:

"[T]he awards shall be final and binding upon both parties to the dispute except insofar as they shall contain a money award."

The amendment deleted the words "except insofar as they shall contain a money award." Also, the Act [45 U.S.C. § 153, First, (p)] was amended to make the findings and orders of the board conclusive. They had been prima-facie evidence. And a new paragraph, (q), was added [see n. 7 below], which expanded the right to judicial review and permitted remand to the board.

The C & O urges that because the amendments make the awards conclusive, they must set forth the names of the employees and the amounts in dollars and cents due each of them. Without this specificity, it says, the district court lacks power of enforcement. The C & O suggests an analogy between the board's awards and awards made by arbitrators

in industrial disputes. It relies on United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), where the Court held that the exact amount due employees should be fixed by the arbitrator to whom the dispute was submitted. The analogy, however, is not compelling. Arbitration of industrial labor disputes depends upon the parties' bargaining agreement. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960). On the other hand, while the National Railroad Adjustment Board is recognized as an arbitrator of railway labor disputes, Gunther v. San Diego & A. E. Ry., 382 U.S. 257, 262, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965), its genesis is statutory, not contractual. For years the statutes under which the board operated made its awards prima-facie evidence. Frequently, these awards simply stated the class of employees and the measure of damages. Nevertheless, courts found them enforceable. See, e.g., Kirby v. Pennsylvania R.R., 188 F.2d 793 (3d Cir. 1951), and Hanson v. Chesapeake & O. Ry., 198 F.Supp. 325 (S.D.W.Va.1961). The fact that awards are now to be given conclusive effect does not in itself make them any less susceptible of enforcement. Conclusive or prima-facie, they have to be definite enough for courts to ascertain their terms. We may assume that Congress was familiar with the form of the board's awards, and we cannot lightly infer that in making the awards conclusive, Congress intended to deprive the courts of jurisdiction over enforcement of awards

3. After the C & O's motion to dismiss was denied, Hanson v. Chesapeake & O. Ry., 198 F.Supp. 325 (S.D.W.Va.1961), judgment was entered for the C & O, 236 F. Supp. 56 (S.D.W.Va.1964), aff'd 351 F. 2d 953 (4th Cir. 1965); vacated and remanded, 384 U.S. 211, 86 S.Ct. 1464, 16 L.Ed.2d 481 (1966); reversed and remanded, 367 F.2d 134 (4th Cir. 1966).

4. Act of June 20, 1966, Pub.L.No.89–456, § 2, 80 Stat. 208. The amendments apply to claims pending June 20, 1966. Transportation-Communication Employees Union v. Union Pac. R.R., 385 U.S. 157, 165, n. 4, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966); Brotherhood of Railroad Trainmen v. Denver & R. G. W. R.R., 370 F. 2d 833, 835 (10th Cir. 1966), cert. denied, 386 U.S. 1018, 87 S.Ct. 1375, 18 L.Ed.2d 456 (1967).

that had formerly been given prima-facie status. The text of the amendments does not require this anomalous conclusion, and nothing in the legislative history suggests it.[5]

While it undoubtedly would be preferable for the board to state in its awards the names of the employees and the amounts to which each is entitled, the amendments do not make these details indispensable. Here the award identified the class of employees who were granted compensation and stated the measure of damages. Neither party requested an interpretation of the award from the board as was possible under 45 U.S.C. § 153, First, (m). We hold, therefore, that it was not beyond the jurisdiction or the competency of the district court to enforce the award by ascertaining the names of the employees in the affected class and translating the board's measure of damages into dollars and cents.[6] If, however, the district court, after considering the merits of the action, decides that the award is too indefinite to be enforced, it may remand the proceedings to the board. Remand may be on the court's own initiative or on motion of either party. 45 U.S.C. § 153, First, (q).[7] Transportation-Communica-

tion Employees Union v. Union Pac. R. R., 385 U.S. 157, 165, n. 4, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966); Brotherhood of Railroad Signalmen v. Southern Ry., 380 F.2d 59 (4th Cir.), cert. denied, 389 U.S. 958, 88 S.Ct. 324, 19 L.Ed.2d 368 (1967).

In reaching these conclusions we find support in Sweeney v. Florida E. C. Ry., 389 F.2d 113 (5th Cir. 1968), where despite arguments similar to those made here, the court held that the 1966 amendments did not deprive the district court of jurisdiction to enforce a money award not reduced to an exact amount. Brotherhood of Railroad Signalmen v. Chicago, M., St. P. & Pac. R.R., 284 F.Supp. 401 (N.D.Ill.1968), cited by C & O, is not persuasive authority for denying jurisdiction. There the district judge remanded the proceedings to the board because he found the award too indefinite. But he did so in the exercise of his discretion. The case does not require, as the C & O suggests, routine remand of all awards that do not name the successful claimants or are not expressed in dollars and cents.

The judgment of the district court is vacated, and this case is remanded. The district judge should enforce the award

---

5. 2 U.S.Code Cong. & Ad.News (1966), p. 2285.

6. The Act provides that the suit for enforcement shall proceed in all respects as other civil actions, except that the findings and order of the board shall be conclusive. 45 U.S.C. § 153, First, (p). Thus, each individual employee must establish that he falls within the class identified by the board and prove his damages in accordance with the measure prescribed in the award.

7. Title 45 U.S.C. § 153, First, (q), provides in part:
"(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under para-

graph (p) could be filed, a petition for review of the division's order. A copy of the petition shall be forthwith transmitted by the clerk of the court to the Adjustment Board. The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. * * *"

in accordance with 45 U.S.C. § 153, First, (p). He should remand it to the board only if he determines, in the exercise of his sound discretion, that the award as written is unenforceable or that it suffers other defects mentioned in 45 U.S.C. § 153, First, (q). Finally, we note that these claims have been pending since 1961 and should be quickly adjudicated. We ask the district court, and the board if the proceedings are remanded, to reach a prompt decision.

Vacated and remanded.