**UNITED TRANSPORTATION UNION,**
an unincorporated association et al.

v.

**PATAPSCO & BACK RIVERS RAILROAD COMPANY,** a body corporate.

Civ. No. 70-202.

United States District Court,
D. Maryland.

March 29, 1973.

Norris W. Tingle, and Savage, Jones, Tingle & Schwartzman, Baltimore, Md., for plaintiffs.

James P. Garland, Richard T. Sampson, and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

Earlier, in 327 F.Supp. 608 (D.Md. 1971), this Court remanded this case to the Special Board to clarify that Board's award. On remand, that body's clarification of its earlier award resulted in victory for the employees as to the merits of the substantive issue discussed in 327 F.Supp. 608, *supra*. The carrier has since complied with the terms of the amended award. At this time, the only remaining question is whether the employees are entitled to an allowance for the attorney's fees incurred by them, or the Union acting on their behalf, following the initial award by the Special Board. The amount of the fee allowance sought is $2000 which defendant agrees is reasonable in amount.

45 U.S.C. § 153 First (p) provides that if a carrier does not comply with an order of the National Railway Adjustment Board (hereinafter referred to as "National Board"), court review, and enforcement by court order, may be sought by or on behalf of an aggrieved employee. That section also provides:

> \* \* \* If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee . . . .

45 U.S.C. § 153 First (q) permits employees, or unions representing them, or carriers, to seek court review if they are aggrieved by an award of the National Board. In contrast to 45 U.S.C. § 153 First (p), 45 U.S.C. § 153 First (q) contains no provision relating to attorney's fees. Subsection (q) does set forth specifically that "[t]he court shall have jurisdiction to affirm the order . . . or to set it aside, in whole or in part, or it may remand the proceeding to the . . . [National Board] for such further action as it may direct." Subsection (p) contains no mention of remand though its provision empowering a court "to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the" National Board is broad enough to appear to authorize a remand. *See* the citations and discussions at 327 F.Supp. *supra* at 611–613.[1]

45 U.S.C. § 153 Second provides for the existence and operation of Special Adjustment Boards established by agreement of one or more carriers and one or more unions. That section states, in part:

> \* \* \* Compliance with such awards [i. e., those of a Special Adjustment Board] shall be enforcible by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the . . . [National Board].

Thus, court review by way of the procedures set forth in 45 U.S.C. § 153 First (p) or (q) is available under 45 U.S.C. § 153 Second. Further, if, upon court review after a Special Board has

---

1. Nevertheless, the following proviso in (p) is to be noted:

> \* \* \* *Provided, however*, That such order may not be set aside except for failure of the . . . [National Board] to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the . . . [National Board's] jurisdiction, or for fraud or corruption by a member of the . . . [National Board] making the order.

made an award and after a carrier has failed to comply with such award, a court acts, under the provisions of (p) as interwoven into Second, to enforce that award, attorney's fees are mandated if the petitioning employees succeed. United Transportation Union v. Soo Line Railroad Co., 457 F.2d 285, 288–289 (7th Cir. 1972).

In this case, the carrier complied with the Special Board's award, in accordance with the carrier's interpretation of that award, and deducted outside earnings from back pay. The four pages of this Court's prior opinion, 327 F.Supp. *supra* at 613–617, devoted to whether or not such deduction was appropriate, bear ample testimony to the fact that this Court did not believe the carrier's position was unsupportable or constituted anything approaching the realm of frivolity. Thus, this is not a case in which the carrier refused to comply with an award until court enforcement proceedings under (p) as incorporated by Second were successfully concluded. Here, although the petitioners sought an order enforcing the Special Board's award as petitioners interpreted that award, and thus presumably indicated an intent and desire to proceed under 45 U.S.C. § 153 Second, as if under First (p), this Court did not treat the case as one in which there existed a failure by the carrier to comply with an award. In Brotherhood of Railway Signalmen v. Southern Ry. Co., 380 F.2d 59 (4th Cir. 1967), cert. denied, 389 U.S. 958, 88 S.Ct. 324, 19 L.Ed.2d 368 (1967), there was failure by the carrier to comply with two awards of the National Board. On appeal, the Fourth Circuit remanded the case for further proceedings before the Board because of the Board's failure to settle all jurisdictional issues in accordance with the mandate in Transportation-Communication Employees Union v. Union Pacific R.R., 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966). In *Signalmen,* Judge Sobeloff specifically concluded that petitioners were entitled to reasonable attorney's fees if they prevailed on remand, whether or not the carrier voluntarily complied with the awards if and as amended on remand. But in *Signalmen,* the carrier had refused initially to comply with the awards, or any part of them, for reasons completely unconnected with any jurisdictional issues. The District Court refused to enforce the totality of the awards. The Fourth Circuit, disagreeing with the District Court, indicated its view (380 F.2d at 67) that the awards should have been complied with by the carrier and should have been completely enforced by order of the District Court; and that the Fourth Circuit would have so required had not the Supreme Court's opinion in *Transportation-Communication,* filed after the District Court's decision in *Signalmen,* necessitated remand by the Fourth Circuit to the Board so that the latter could fulfill its "obligation fully to settle jurisdictional disputes in a single proceeding" (at 64; footnote omitted).

■ ■ The allowance of attorney's fees provided by 45 U.S.C. § 153 First (p) insures that employees who prevail before the National Board will not be deterred from realizing the benefit thereof by the economic burden of attorney's fees incurred thereafter in court proceedings which result in enforcement by court order of the award. Because under § 153 Second the provisions of § 153 First (p) are equally applicable, the same policy obtains with regards to awards by Special Boards. But that policy does not obtain if a court-ordered remand occurs in a case in which (a) the carrier fully complied —as it did here—with the award as it interpreted it; (b) the carrier's interpretation was reasonable; (c) either the Union or the carrier could have sought clarification, as to the correctness of its own interpretation, by the Special Board; (d) the Union instead sought to have this Court enforce the award as the Union interpreted it; and (e) the reviewing court determined that the

award was sufficiently ambiguous to require a clarification by the Board upon remand and that neither side's interpretation of the award was compelled.

45 U.S.C. § 153 First (q) and Second, read together, provide for court review if either side is aggrieved not only by a Special Board's "failure . . . to make an award," but also "by any of the terms of an award" or "*by the failure . . . to include certain terms in such award*" (45 U.S.C. § 153 First (q) (emphasis supplied)). As this Court construed the award when this case was first before it, the relief petitioners were entitled to was to have the Board state specifically whether outside earnings were or were not to be deducted from back pay. Thus, this Court treated the case not as one in which there had been a carrier failure to comply, in the sense of 45 U.S.C. § 153 First (p), but rather as a case in which additional terms needed to be stated in an award. Thus, this Court treated this case within the spirit of § 153 First (q). By way of contrast, in *Signalmen, supra* (380 F.2d at 63 and generally throughout that opinion), there is every indication that review was sought and enforcement would have been granted under § 153 First (p) but for the command of *Transportation-Communication.*

The absence of any provision for attorney's fee in § 153 First (q) would seem a matter of congressional design, not inadvertence. The reasons for requiring carriers pursuant to (p) to pay employees' attorney's fees are to discourage carriers from refusing to comply with awards and from undertaking meritless appeals which cause delay in compliance, and to insure that the benefits of awards are not watered down by the expenses of such appeals. Those reasons are not present when there is a reasonable dispute as to an ambiguity in the award which gives rise to court review and action of a type envisaged by § 153 First (q). If the Union in this case had sought clarification of the award from the Board, before instituting a review proceeding in this Court, and had obtained the interpretation which on remand from this Court was established by the Board, and thereafter the carrier had failed to comply fully with the award, then any proceeding in this Court would have been within the spirit of § 153 First (p), not (q), and the petitioners would have been entitled to attorney's fees. While great care must be taken to make certain that no (p)-type proceeding is incorrectly labelled as (q) and while in borderline cases this Court might well be inclined to characterize the case as controlled by (p), rather than by (q), this is not a borderline case. Rather, it is clearly a (q)-type case, not a (p)-type case. Accordingly, attorney's fees will not be allowed herein.