UNITED TRANSPORTATION UNION and H. W. Muller, Plaintiffs-Appellants,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellee.

No. 75–3692
Summary Calender.*

United States Court of Appeals, Fifth Circuit.

April 2, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Russell M. Baker, Dallas, Tex., for plaintiffs-appellants.

T. Michael Wilson, Jack Pew, Jr., Dallas, Tex., for defendant-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

DYER, Circuit Judge:

Public Law Board No. 1199, an adjustment board established under the provisions of the Railway Labor Act, 45 U.S.C.A. § 153 Second, entered an award following arbitration requiring Southern Pacific to reinstate Muller, a discharged employee, and pay him for his "time lost."[1] Southern Pacific reinstated Muller, and paid him $4,737.70 in satisfaction of the award. This amount represents straight time pay, computed on the basis of an eight hour day and five day week, with no extra pay for overtime, air pay, meal period pay, or holidays. Muller and the Union filed suit, pursuant to 45 U.S.C.A. § 153 First (p), to enforce the award as they interpreted it, that is, for the amount which Muller would have earned had he been allowed to work, including the above arbitraries, additional payments for overtime and the like. A jury trial was held. The jury determined that Muller was not entitled to any amounts in addition to the $4,737.70 already paid him by the company. Although the union raises various specifications of error in the trial below, we do not reach them here. Rather, we remand the case to the district court, with directions to remand to the adjustment board for interpretation of its award.

45 U.S.C.A. § 153 Second provides that the awards of special adjustment boards are enforceable in the same manner and subject to the same provisions that apply to proceedings for enforcement of awards of the National Railroad Adjustment Board. Thus, an award of the special adjustment board is enforced pursuant to the provisions of 45 U.S.C.A. § 153 First (p). *United Transportation Union v. Soo Line Railroad Co.*, 7 Cir.

---

1. The statement of claim was:

   Claim for all time lost by Switchman H. W. Muller, New Orleans Terminal, June 17, 1973, until such time as Claimant is reinstat-

   ed with unimpaired seniority, vacation and all other rights, . . .

   The award stated: "Claim sustained as per above."

1972, 457 F.2d 285; *United Transportation Union v. Patapsco & Back Rivers Railroad Co.*, D.Md.1973, 59 F.R.D. 374. Although 45 U.S.C.A. § 153 First (p) does not expressly give the enforcing court any power to remand an award to the adjustment board, it has been held that a court acting under this section may avail itself of the remand power given in 45 U.S.C.A. § 153 First (q). *Transportation Communications Employees Union v. Union Pacific R.R.*, 1966, 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264; *Great Northern Railway Co. v. National Railroad Adjustment Board*, 7 Cir. 1970, 422 F.2d 1187. 45 U.S.C.A. § 153 First (m) provides that when a dispute involves the interpretation of an award, the board upon request of either party shall interpret the award in light of the dispute. In our view, the remand power found in 45 U.S.C.A. § 153 First (q) may be utilized by the court towards this same goal.

In the proceedings below, Southern Pacific vigorously sought remand to the board for its interpretation of the award.[2] The district court refused to remand in light of two prior decisions of this court, *Sweeney v. Florida East Coast Railway Company*, 5 Cir. 1968, 389 F.2d 113, and *Diamond v. Terminal Railway*, 5 Cir. 1970, 421 F.2d 228.

In *Sweeney*, a special adjustment board had awarded "time lost" to an engineer who had been improperly dismissed, but the board did not indicate whether the award was to be diminished by his earnings while working for another railroad. The district court refused to enforce the award, holding that it had no jurisdiction to interpret what the board meant by "time lost." This Court reversed. That decision was based upon the court's determination that the award *was not ambiguous* in light of the particular board's frequent practice in other awards of calculating recovery without regard to the employee's interim earnings.[3] In the present case, there is no evidence which gives clear indication as to what the board meant when it directed Southern Pacific to compensate Muller for "time lost." Thus, the ambiguity can only be resolved by an examination of the merits of the claim, the collective bargaining agreement, and other matters where the special expertise of the board is desirable.

We conclude that where the award is ambiguous, but can be clarified by reference to extrinsic evidence not involving the special expertise of the board, as in *Sweeney*, the district court may proceed to resolve the conflict in an enforcement proceedings. However, where, as here, the award is too indefinite to be enforced, and cannot be made definite by considering nonspecialized extrinsic evidence, then the court should remand to the board for clarification of the award. *See Hanson v. Chesapeake and Ohio Railway Co.*, 4 Cir. 1969, 412 F.2d 631.

Remanded.

---

2. In light of their success on the merits, Southern Pacific now abandons its prior position, and claims that the district court was correct in refusing to remand. However, we agree with Southern Pacific's prior position that *Sweeney* and *Diamond* are distinguishable from the present case, and that the ambiguous award should first be clarified by the Board.

3. *Diamond* involved the same issue as that presented in *Sweeney*, and, similar to *Sweeney*, does not demand a contrary result here.