INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE # 19, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, Defendant-Appellee.

No. 78–2072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1980.

Decided Aug. 29, 1980.

---

Gene G. Muramoto, Sacramento, Cal., for plaintiff-appellant.

* Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

William F. Adams, San Francisco, Cal., for defendant-appellee.

Before ANDERSON and FARRIS, Circuit Judges, and RICHEY,* District Judge.

FARRIS, Circuit Judge:

The International Association of Machinists and Aerospace Workers, Lodge #19, appeals from the district court's refusal to enforce four awards of the National Railroad Adjustment Board and to make the awards applicable to employees situated similarly to the named claimant employees. Because the board did not exceed its jurisdiction in making the awards, we reverse.

The union and Southern Pacific Transportation Company entered a collective bargaining agreement which provided that some traveling motorcar mechanics be paid on a monthly basis rather than the usual hourly basis. A dispute arose between the union and Southern Pacific over the method and rate of calculating the compensation for monthly-rated motorcar mechanics who work in excess of 175⅓ hours in a given month. The parties were unable to resolve the dispute, and the union submitted to the board four claims on behalf of four mechanics. The board ruled in favor of the compensation scheme advocated by the union, a standard time-and-a-half rate for any time worked in excess of 175⅓ hours in a single month. The board held that Southern Pacific's fluctuating scale should be discontinued.

Southern Pacific paid the four claims for the month of June, 1974, but refused to pay claims for similarly situated employees and continued to use its fluctuating scale. The union petitioned the district court to enforce the board's awards. The district court dismissed the petition because (1) the awards were rendered in excess of the

board's jurisdiction under 45 U.S.C. § 153 and (2) the awards were already paid in full.

## I. *The Jurisdictional Validity of the Board's Awards*

■ The scope of a federal district court's review of an award by the National Railroad Adjustment Board has been described as "among the narrowest known to the law." *Diamond v. Terminal Railway Alabama State Docks,* 421 F.2d 228, 233 (5th Cir. 1970). The Supreme Court recently reemphasized the limited nature of judicial review in *Union Pacific Railroad Co. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978). The findings and order of the board are conclusive and may be set aside only for three reasons: "(1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." *Id.* at 93, 99 S.Ct. at 402.

■ The district court held, and Southern Pacific now maintains, that the board exceeded its jurisdiction when it interpreted the collective bargaining agreement to include a time-and-a-half overtime rate for monthly-rated motorcar mechanics. In *Rossi v. Trans World Airlines, Inc.,* 507 F.2d 404 (9th Cir. 1974), we stated that "[a]wards of the National Railroad Adjustment Board (NRAB) enjoy the same finality as awards of arbitration panels. . . . Courts will not review the merits of arbitration awards so long as the award is based properly on the applicable collective bargaining agreement." *Id.* at 405. The Fifth Circuit articulated the appropriate standard of review in *Brotherhood of Railroad Trainmen v. Central of Georgia Railway Co.,* 415 F.2d 403 (5th Cir. 1969). An award exceeds the board's jurisdiction if it is " 'without foundation in reason or fact' . . . . [A]n award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement." *Id.* at 411–12.

■ The district court found that the awards were "not derived from the wording or purpose of the collective bargaining agreement." Although characterized as a factual finding, this statement is taken directly from the legal standard for determining whether an award is in excess of the board's jurisdiction, and we will review it as more closely akin to a conclusion of law. Rule 2(b) of the collective bargaining agreement reads in part: "No overtime will be allowed [to monthly-rated traveling motorcar mechanics] for time worked in excess of eight (8) hours per day." The union maintains that preclusion of only daily overtime implies that the agreement contemplated overtime under some other circumstances.

The board noted that it was not the purpose of the agreement to put monthly-rated employees in a worse position than hourly-rated employees. The board also noted that the regular monthly pay was predicated on 175⅓ hours per month. The board concluded that monthly-rated employees who worked beyond the number of hours in the basic period should be treated in the same manner as hourly-rated employees who worked beyond the number of hours in their basic eight-hour-day pay period.

We need not decide whether the board's interpretation was sound. We conclude only that the interpretation was "rationally inferable from the letter and purpose of the collective bargaining agreement." Our conclusion is consistent with Congress' intent in creating the adjustment board.

> In enacting [the Railway Labor Act], Congress endeavored to promote stability in labor-management relations in this important national industry by providing effective and efficient remedies for the resolution of railroad-employee disputes arising out of the interpretation of collective-bargaining agreements. . . . Congress considered it essential to keep these so-called "minor" disputes within the Adjustment Board and out of the courts. . . . The effectiveness of the Adjustment Board in fulfilling its task depends on the finality of its determinations.

*Union Pacific Railroad Co. v. Sheehan, supra* at 94, 99 S.Ct. at 402.

We reverse that portion of the district court's judgment which invalidates the board's awards as in excess of its jurisdiction.

## II. Applicability of Awards to Similarly Situated Employees

■ The issue of overtime pay for monthly-rated motorcar mechanics came before the board by means of four complaints filed by four individual mechanics for overtime pay due them for the month of June, 1974. The union asked the district court to enforce the board's four individual awards for the benefit of all motorcar mechanics who were similarly situated to the four claimants. Southern Pacific maintains that the board intended its award to apply only to the four named employees for the single month of June, 1974. To the extent the board intended a broader application, Southern Pacific contends, the awards are invalid because the claims of unnamed employees were not properly before the board.

We cannot determine from our reading of the copy of the board's award, whether the board intended its award to apply solely to the named claimant for the month of June, 1974, or to all similarly situated motorcar mechanics on a continuing basis. We remand for the board to clarify the scope of its awards. If the board intended that its awards apply to employees other than the named claimants and to months other than June, 1974, the board should specify the basis of its authority to go beyond the stated dimensions of the claims presented to it.

Reversed in part and remanded in part.