Leon BEERS, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY, et al.,
Defendants-Appellees.

No. 82–4114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 16, 1982.

Decided April 8, 1983.

---

1.   We do not express an opinion whether or not the tape recordings may be admissible on other

Robert S. Bogason, San Francisco, Cal., for defendants-appellees.

Gerald Needle, Redondo Beach, Cal., for plaintiff-appellant.

Before MERRILL and FERGUSON, Circuit Judges, and GRANT,[*] Senior District Judge.

GRANT, Senior District Judge:

The plaintiff-appellant Leon Beers (hereinafter "Beers") was employed by defendant-appellee Southern Pacific Transportation Company (hereinafter "Southern Pacific") in various capacities since 1963. From November 1979 to the time of this dispute, Beers was an engineer for Southern Pacific and a local chairman for the Brotherhood of Locomotive Engineers (BLE). As local chairman, Beers was responsible for processing the various grievances with Southern Pacific filed by the local members of BLE. The local chairman also represents a local member at any investigatory hearing which must be held before Southern Pacific could discipline an engineer. As a locomotive engineer, Beers' position was covered by a collective bargaining agreement between Southern Pacific and BLE governed by the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.*

On October 30, 1980, Beers was representing a fellow engineer under charge at an investigatory hearing. Prior to the hearing, Beers had a confrontation with defendant W.J. Gould, a supervisory employee of Southern Pacific. Heated words were exchanged and Beers engaged in name-calling. Thereafter, Beers twice refused to apologize when asked to do so. A charge was filed by the supervisor and an investigatory hearing was held regarding Beers' insubordination during this confrontation. After the hearing, Beers was notified of his termination of employment with Southern Pacific. A claim for wrongful discharge was filed by Beers with the National Railroad Adjustment Board (NRAB). During the pendency of this suit and shortly before oral arguments before this court, the NRAB reinstated Beers without pay for the time lost and with his seniority rights unimpaired.

In February 1981, Beers filed a state tort claim in the Superior Court of California against Southern Pacific and several of Southern Pacific's supervisory employees for intentional infliction of emotional distress and violation of his rights under the Railway Labor Act to represent his union members. The state court action was removed to the United States District Court, Northern District of California, pursuant to 28 U.S.C. § 1441(b) on the grounds that Beers' claim arose under the laws of the

the Northern District of Indiana, sitting by designation.

United States, specifically the RLA. Southern Pacific then moved for partial Summary Judgment arguing that the tort claim was intertwined with the grievance procedures of the collective bargaining agreement and, therefore, within the exclusive jurisdiction of the NRAB.

The district court in its Findings of Fact found that each of Beers' harassment complaints were grievances "inextricably intertwined with the collective bargaining agreement, management-labor relations and the grievance process set forth in the collective bargaining agreement." (R. 41, p. 8). The district court also found that the claimed violations of the RLA were matters within the jurisdiction of the NRAB and not the district court, *Id.* The district court then granted Summary Judgment to Southern Pacific as to the claims, finding that it lacked subject matter jurisdiction. Appeal from that judgment was taken in February 1982. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

The issues raised upon appeal are:

1. Was the removal of the action from state court proper?

2. Was there a genuine issue of fact requiring a jury trial rather than Summary Judgment disposition?

3. Did the district court correctly conclude that the complaint raised matters within the jurisdiction of the NRAB and, therefore, it lacked subject matter jurisdiction?

## I.

█ Beers argues on appeal that removal to federal court was improper because federal preemption, taken alone, is not a basis for removal. *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 660 (9th Cir.1972). A review of the record, however, fails to indicate any objection by the plaintiff to the removal to federal court or the raising of the issue now before this court whether preemption conferred jurisdiction. It has been held by the Supreme Court that when a removed case has been tried by a federal court without objection and judgment has been entered:

[t]he issue in subsequent proceedings on appeal is not whether the case was properly removed but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

*Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). *Grubbs* is applicable to determinations on Summary Judgment motions. *Stone v. Stone,* 632 F.2d 740, 742 (9th Cir. 1980). The plaintiff in his Amended Complaint alleged that Southern Pacific interfered with his right of representation granted under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* The district court properly found that the functioning of the labor relations process under the RLA is the heart of the Act and an area of federal concern. Thus, on the face of Beers' own allegations of violations of his rights under the RLA, the district court would have had jurisdiction if it had been originally filed in that court after compliance with the RLA. *See Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th Cir.1980) (When principles of federal labor law are involved, they supersede state contract law or other state law theories).

## II.

Beers sought to prove in his causes of action that Southern Pacific through its employees embarked upon a course of harassment amounting to outrageous conduct. Beers contends that this conduct amounted to intentional infliction of emotional distress, a cause of action recognized under California law. *See State Rubbish Collectors Assn. v. Siliznoff,* 38 Cal.2d 330, 240 P.2d 282 (Cal.1952); *Fletcher v. Western National Life Insurance Co.,* 10 Cal. App.3d 376, 394, 89 Cal.Rptr. 78 (Cal.App. 1970). The district court, however, found that, as to the specific items of harassment herein complained of, all really involved grievances or minor disputes under the RLA. In particular, Beers alleged that he received a "run-around" over his complaints regarding working conditions. The district court found these complaints were covered

by Article 25, § 4(d) and § (6) of the collective bargaining agreement. Beers complained of defendant Gould's disciplinary procedures regarding two engineers in Beers' union. The court found, however, that the disciplinary waiver procedures offered by Gould were provided within Article 32, § 21(h) of the Agreement. The district court specifically found that "[e]ach of the items of harassment complained by Beers are grievances, the resolution of which requires the interpretation and application of existing collective agreements." (R. 41, Opinion p. 8).

This Court, on an appeal from a Summary Judgment Motion, must review the record in a light most favorable to the opponent of the motion in order to determine whether there is a genuine issue of material fact. If there is no issue of material fact, the appellate court must then determine whether the substantive law was correctly applied. 6 Moore's Federal Practice, ¶ 56.27[1], p. 56–1555 (1982); *Pacific Fruit Express Co. v. Akron, Canton & Youngstown Railroad Co.,* 524 F.2d 1025, 1029 (9th Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1107, 47 L.Ed.2d 315 (1976). *See also Fristoe v. Reynolds Metals Co., supra.*

In this instance, there is no question of material fact as to the occurrences of the acts complained of. Rather, the issue is what substantive law is to be applied. This Court has previously held that:

> [t]he alleged misfeasance of the railroad employees is thus 'arguably' governed by the collective bargaining agreement or has a 'not obviously insubstantial' relationship to the labor contract. Under these circumstances, the controversy is a minor dispute within the exclusive province of the grievance mechanisms established by the RLA.

*Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367, 1369–70 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). As this Court further said in *Magnuson:*

> If the pleading of emotional injury permitted aggrieved employees to avoid the impact of the R.L.A., the congressional purpose of providing a comprehensive federal scheme for the settlement of employer-employee disputes in the railroad industry, without resort to the courts, would be thwarted.

*Id.* at 1369.

The Supreme Court has held that federal law preempts and protects activities prohibited or "arguably protected" by the National Labor Relations Act. *San Diego Building Trades Council, et al. v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). (For an analogy, and to determine national labor policy, this Court can refer to the NLRA for assistance in construing the RLA. *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 383–84, 89 S.Ct. 1109, 1117–1118, 22 L.Ed.2d 344 (1969)). Beers contends, however, that there is a trend in federal labor law to permit more flexibility in the area of federal preemption in labor relations. In *Farmer v. United Brotherhood of Carpenters,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), the Supreme Court found that there was no provision of the NLRA which protected the outrageous conduct complained of and the potential interference with federal law was counterbalanced by the State's substantial interest to protect its citizens from the abuse complained of. Similarly, federal preemption was not applied in *Sears Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).

Sears had sought a preliminary injunction against the union which had set up a picket line on Sears' property. The Supreme Court stated:

> [t]he critical inquiry, therefore, is not whether the State is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical to (as in *Garner*) [*Garner v. Teamster,* 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953)] or different from (as in *Farmer*) that which could have been, but was not presented to the

Labor Board. For it is only in the former situation that a state court's exercise of jurisdiction necessarily involves a risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the *Garmon* doctrine was designed to avoid.

*Id.* at 197, 98 S.Ct. at 1757 (footnote omitted). The Court then held that the charge which Sears might have brought to the Labor Board, whether the picketing had a recognitional or work-reassignment objective, was unrelated to the state trespass charge Sears brought in state court. Therefore, state court adjudication of the trespass claim created no realistic risk of interference with the NLRB jurisdiction. *Id.* at 198, 98 S.Ct. at 1758.

Beers argues that his tort claim for intentional infliction of emotional distress falls within this *Farmer-Sears* exception because his claim is not covered by any provision of the collective bargaining agreement, and, thus, because the remedy he seeks, money damages for emotional distress, is not covered by the labor contract or federal labor law, federal preemption is inapplicable. However, as stated in *Sears,* the critical inquiry is whether the controversy (the harassments) was identical to or different from what could have been, but was not, presented to the NRAB. Beers' complaints referred to work conditions, disciplinary procedures, representation rights covered by or substantially related to the collective bargaining agreement. These complaints could have been brought before the NRAB. State adjudication of the intentional emotional distress claim would have called for interpretation and examination of the collective bargaining agreement resulting in state intervention into the area of federal labor law. Thus, this Court finds that the district court properly applied the substantive law when it found this controversy to be a minor dispute within the exclusive province of the grievance mechanisms of the Railway Labor Act. *Magnuson v. Burlington Northern, Inc., supra.* The district court was correct when it found the claims for emotional distress from the alleged harassments and the interference with the

right of representation were exclusively matters for the NRAB and not within the jurisdiction of the federal district court. 45 U.S.C. § 153 First (c); *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Magnuson v. Burlington Northern, Inc., supra.* Since the question whether a court has subject matter jurisdiction can be raised at any time by the parties or the court, Fed.R. Civ.P. 12(h)(3), it was within the discretion of the district court, *sua sponte,* to grant Summary Judgment rather than the partial judgment sought by Southern Pacific.

### Conclusion

For all the reasons stated above, this Court AFFIRMS the grant of Summary Judgment by the district court.