**Lonnie M. WOODRUM, Plaintiff,**

v.

**SOUTHERN RAILWAY CO., A Corporation, Defendant.**

**Civ. A. No. 81–121–MAC.**

United States District Court, M.D. Georgia, Macon Division.

Sept. 12, 1983.

Ed S. Sell, Jr., Macon, Ga., for plaintiff.

F. Kennedy Hall, Macon, Ga., for defendant.

OWENS, Chief Judge:

The plaintiff in this action is a former employee of the defendant railroad. According to the facts established by the pleadings and stipulated thereto by both parties, the plaintiff was discharged from the defendant's employ on May 16, 1978, after having been found guilty of "disloyalty," a proper ground for discharge under the applicable collective bargaining agree-

ment. The plaintiff appealed this decision to the Public Law Board, No. 1261, pursuant to the Railway Labor Act, 45 U.S.C. § 153. The Law Board, on the basis of the record developed at the hearing before the Superintendent, denied plaintiff's appeal on July 30, 1979.

Plaintiff filed this action on June 5, 1981. Underlying all of plaintiff's various causes of action alleged in his re-cast petition is the following factual contention: that the disloyalty charge was based on the plaintiff's alleged procurement of an attorney for Mr. Eddie Lee Robinson, a fellow employee and FELA plaintiff; that these charges were based upon an allegation that plaintiff "arranged for a meeting" between Robinson and the attorney and that plaintiff "personally took Robinson to a hotel suite at the Hilton Hotel in Macon to meet with Mr. Burge [the attorney] for that purpose on or about March 15, 1978;" that Robinson, the key witness at plaintiff's disciplinary hearing, stated falsely that the above allegations were true; and that on May 20, 1981, Robinson admitted to the plaintiff for the first time that he (Robinson) lied at the plaintiff's disciplinary hearing due to threats and coercion directed against Robinson by the defendants.

Based upon this contention, plaintiff has set forth the following claims for relief:

1. A request for judicial review of the decision of the Public Law Board pursuant to 45 U.S.C. § 153 first (q).

2. A request for this court to invoke its inherent equitable power to set aside the ruling of the Public Law Board due to fraud in its procurement.

3. A claim under the Federal Employee's Liability Act (FELA), 45 U.S.C. § 60, upon the ground that the disciplinary hearing against plaintiff was a device employed by the defendant to prevent the voluntary exchange of information to an FELA plaintiff.

4. A claim under Georgia law for fraud.

5. A claim for a constitutional tort insofar as the defendant abridged the plaintiff's right of free speech and assembly.

As to each of these claims plaintiff seeks reinstatement, backpay, attorneys' fees, and punitive damages. The defendants have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. The defendants arguments will be addressed below. Since a ruling on these motions requires examination of stipulated facts outside of the pleadings, the parties have agreed that these motions and this order shall be treated as a motion for summary judgment under Fed.R.Civ.P. 56. Of course, since the defendant is the movant, for purposes of this ruling it will be assumed that plaintiff's contention regarding Robinson's false statement and its inducement by defendant is true.

*Judicial Review of the Public Law Board*

Plaintiff first requests this court to review the decision of the Public Law Board pursuant to 45 U.S.C. § 153 first (q). That section provides in pertinent part:

"If any employee ... is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award ... then such employee ... may file in any United States district court ... a petition for review of the division's order. * * * The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order...."

Plaintiff's claim for review is stated in the alternative:

(a) The plaintiff claims that fraud by the defendant, a party to the administrative proceeding, is a sufficient ground for review under § 153 first (q); or

(b) if fraud by a board member is required, as a literal reading of the statute suggests, then the fraud of the defendant should be vicariously attributable to the railroad representative on the Public Board;[1] or

(c) if fraud by a Board member is required and the fraud of the defendant is not vicariously attributable to the railroad representative, then the inability of the court to set aside the ruling in the face of fraud by a party renders § 153 first (q) unconstitutional as a denial of due process.

At the outset, the court notes that the scope of judicial review under § 153 first (q) is "among the narrowest known to the law." *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.,* 632 F.2d 1321, 1323 (5th Cir.1980); *see, Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 91–94, 99 S.Ct. 399, 401–402, 58 L.Ed.2d 354 (1978). The defendant maintains that the plaintiff has not alleged one of the three specified grounds of review, and that this claim must therefore be dismissed. Plaintiff concedes that the fraud he alleges was not perpetrated by a Board member, but by an employee of a party to the proceedings upon which the Board relied. He states that § 153 first (q) should be interpreted to allow review for fraud of a party, or, in the alternative, that there was fraud by the Board member representing the railroad on a vicarious liability theory arising from the defendant's alleged fraud. Exhaustive research by the parties and this court has revealed only one case in which this argument has been considered. In *Merchants Despatch Transp. Corp. v. System Fed., etc.,* 447 F.Supp. 799, 803 (N.D.Ill.1978), the district court held that fraud by a party was an insufficient ground for review, the statute specifically requiring fraud by a member of the Board.

Plaintiff maintains that *Merchants Despatch* should not be followed in that the decision failed to consider the legislative history of § 153 first (q). Subsection first (q) was added to the Railway Labor Act in 1966. A Senate Report accompanying the amendment suggested that the grounds for judicial review under subsection first (q) were to be the same as those under section 9 of the Railway Labor Act. [1966] 2 U.S. Code, Cong. & Ad.News at 2287 (S.Rep. No. 1201). The plaintiff correctly notes that judicial review may be had under § 9 of the Railway Labor Act for fraud by a party. 45 U.S.C. § 159 third (c). He therefore argues that it was the intent of Congress to allow judicial review for fraud by a party under § 153 first (q).

■ Of course, this argument cuts both ways. If Congress had intended that fraud by a party was sufficient for judicial review, then § 159 third (c) is evidence that it knew how to say so. By failing to employ this language in § 153 first (q), this court must assume that Congress intended what was enacted. The language is plain and unambiguous. When viewed in the light of congressional intent to limit the scope of judicial review of the Public Law Board, this court must find that § 153 first (q) allows judicial review only upon fraud by a Board member, not by a party to the proceedings upon which the Board relies. For this same reason, the court cannot accept plaintiff's vicarious liability theory, *i.e.,* the contention that the fraud of a railroad employee becomes fraud by the Board member who represented the railroad.

■ Plaintiff next argues that review of the Board's decision may be had under a judicially created basis of review known as the "actually and indisputedly without foundation in reason or fact" standard. *Aerospace Workers, Dist. Lodge No. 19 v. Southern Pac. Transp. Co.,* 626 F.2d 715, 717 (9th Cir.1980); *Otto v. Houston Belt & Terminal Ry. Co.,* 444 F.2d 219 (5th Cir.1970), *cert. denied,* 404 U.S. 984, 92 S.Ct. 449, 30

---

1. The Public Law Boards under the National Railroad Adjustment Board Act are comprised of three members—a representative from the railroad, from the union or employee group, and a "neutral."

L.Ed.2d 368 (1971). Plaintiff argues that since Mr. Robinson lied, the Board's decision, to the extent it relied on his statement, was without foundation in fact. However, it must be remembered that if Mr. Robinson's statement to the Superintendent were accepted as true, then there was a basis for the Board's decision under the labor contract. The plaintiff certainly must have known at the time of Mr. Robinson's statement that Robinson was lying (assuming this be the case), as plaintiff's own conduct was the subject of this lie. Plaintiff had the opportunity to refute this statement by either providing evidence of his whereabouts or by attacking Robinson's credibility. Based upon the evidence developed before the Superintendent, the Board's decision was supported by fact. Plaintiff had an opportunity to correct the record at the time it was made. He cannot claim that he is entitled to correct it now when he failed to do so at the proper time. Based upon the record before it, the Board's action does rest upon a foundation in fact.

Plaintiff's final attack upon the strictures of § 153 first (q) alleges that if he is now precluded from showing that the Board's decision was procured by fraud of a party, then § 153 first (q) is unconstitutional as a denial of due process. In order to complain of a denial of due process, the plaintiff must have been denied a constitutional right. While public employees have a constitutional property interest in their jobs, private employees do not. The rights of private employees are defined by contract. The plaintiff would not seem to be a public employee. The parties have not addressed this issue, and the court is troubled over plaintiff's ability to assert a constitutional claim.

Nevertheless, courts have implied that lack of due process may be a ground for judicial review of the Railroad Adjustment Board. *Union Pacific R.R. Co. v. Price*, 360 U.S. 601, 616, 79 S.Ct. 1351, 1359, 3 L.Ed.2d 1460 (1959). The court therefore considers plaintiff's due process claim.

■ The plaintiff certainly knew at the time of the hearing before the Superintendent that Robinson was lying. He had an opportunity to present evidence to refute Robinson's accusations. Plaintiff states that he was in the hotel suite with a group of persons when Robinson arrived. It would certainly seem that some of these individuals could have been called to refute Robinson's claims if it is true that plaintiff never left their presence long enough to physically procure Robinson by leaving the hotel, meeting Robinson, and driving him back to the hotel. Since plaintiff had this opportunity when the record was being made, he cannot claim that due process has been denied by this court's current refusal to allow him to prove Robinson's lie. Additionally, as will be developed below, plaintiff could have attacked the entire "disloyalty" charge under § 60 of the FELA. Instead, he allowed the statute of limitations to lapse. It is not a denial of due process to refuse to review the Board's decision when plaintiff himself failed to assert his right to challenge the proceeding at the proper time. For these reasons, the court cannot find a denial of due process in plaintiff's inability to challenge the Board's decision at this late date.

Defendant's motion for summary judgment on plaintiff's prayer for review of the decision of the Public Law Board is GRANTED.

*Equitable Jurisdiction to Set Aside the Decision of the Public Law Board Due to Fraud in its Procurement*

The plaintiff requests this court to invoke its equitable power to set aside the decision of the Board due to fraud in its procurement. This in turn sparked a venture into the morass of whether the fraud was intrinsic or extrinsic, or whether it has been committed "upon the court." The parties debate the relevance of these issues, as well as the existence of a statute of limitations, under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) contemplates two methods by which a party may obtain relief from a judgment or proceeding. 11 Wright & Miller, *Federal Practice and Procedure*, Civil

§ 2851 (1973). The ordinary method is by *motion* in the *same* court which entered the judgment. Under this procedure, Rule 60(b) lists 14 grounds upon which the motion may be based. One of these grounds is fraud (it matters not whether it is extrinsic or intrinsic) and the time limit for bringing the action is one year from judgment. As stated, this is the normal method, but it is *not* and cannot be the procedure which plaintiff advances here, for this court did not render the order of which plaintiff complains.

Instead, plaintiff relies on the second method by which relief from a proceeding may be had, *i.e.,* an independent action in a forum other than the one in which the result of which he complains was obtained. As to independent actions, Rule 60(b) sets forth no procedures or time limits. It merely recognizes whatever power a federal court may have to entertain such an action. Thus, defendant's argument concerning a one-year time limit is misplaced. Wright & Miller, *supra,* § 2868 at 241. While the abandonment of the intrinsic-extrinsic distinction is mentioned only in the section with respect to motions to set aside in the rendering court, persuasive authority counsels against reviving this distinction in the independent action procedure. *Id.* Therefore, the court will not address defendant's arguments on this point.

Nevertheless, it must be remembered that this "savings clause" of Rule 60(b) does not confer subject matter jurisdiction on this court to entertain independent actions to set aside judgments or proceedings. *Simons v. United States,* 452 F.2d 1110, 1116 (2d Cir.1971). Since this court did not preside over the proceeding of which plaintiff complains, this court can entertain his motion to set the proceeding aside only if Congress has provided this court with subject matter jurisdiction to act. *Wright & Miller, supra,* § 2868 at 243. Were it otherwise, then any aggrieved spouse in a state divorce action, for example, could file an action in this federal district court to set a property award aside on the ground of fraud by the other spouse.

This court does not possess such a roving commission. Further, since the relief which plaintiff seeks is equitable in nature, the traditional restraints upon equitable intervention must apply.

With these principles in mind, the court notes that the only jurisdiction which can exist is that provided in § 153 first (q). Just as Congress is free to require that certain claims be litigated in state courts, so is it free to require that plaintiff's contractual claims be litigated before the Public Law Board, subject to the limited judicial review provided in that statute. As discussed above, this court does not have jurisdiction over the subject matter with respect to a claim of fraud by a party. Thus, in the absence of a distinct basis of subject matter jurisdiction, this court cannot consider plaintiff's independent action to set aside the order of the Public Law Board. Even if a basis for jurisdiction could be established, the court finds that equity will not allow itself to intervene into a statutory scheme which contemplates limited judicial review. For these reasons, defendant's motion for summary judgment on this claim is GRANTED.

### Plaintiff's Cause of Action Under 45 U.S.C. § 60

Plaintiff next alleges a separate cause of action under the FELA, 45 U.S.C. § 60. Section 60 in essence makes it a crime for a railroad to discipline an employee for furnishing information to an FELA plaintiff. *Hendley v. Central of Georgia R.R. Co.,* 609 F.2d 1146, 1150–51 (5th Cir.1980). *Hendley* recognized a private cause of action under § 60 for the benefit of a disciplined employee. The court further noted that, contrary to defendant's contentions in the instant case, the relief provided in § 60 is separate and independent of the relief of judicial review provided in the Railway Labor Act, 45 U.S.C. § 153 first (q), since the former protects a statutory right while the latter relates only to a plaintiff's rights under a collective bargaining agreement. *Id.* at 1151–52.

■ An action under § 60 must be commenced within three years from the date the cause of action accrued. 45 U.S.C. § 56. The defendant asserts that even if plaintiff has alleged a cause of action under § 60, the action accrued no later than May 16, 1978, the date plaintiff was disciplined for his communications with Robinson, and thus suit was filed after the three-year limitation had expired. Plaintiff responds that a *second* and separate § 60 violation occurred due to the defendant's alleged subornation in May of 1980. The court disagrees with plaintiff. While the plaintiff may indeed have had a § 60 cause of action when he was originally disciplined for communicating with Robinson, this claim is time-barred under § 56. The claim which plaintiff could have asserted when he was originally disciplined was unrelated to whether Robinson gave a truthful statement or not. Plaintiff was disciplined for being disloyal in that he gave certain advice or aid to an FELA plaintiff. He should have known at that time that a possible § 60 action was appropriate to enjoin the disloyalty disciplinary charges. The fact that Robinson may have given a false statement at defendant's request only exacerbated the degree of his employer's retaliation. There was no separate violation, only a continuation of the original claim based upon the legitimacy of a disloyalty disciplinary action. Therefore, plaintiff's § 60 action, even if valid, is barred as being filed beyond the three year statute of limitations. Defendant's motion for summary judgment with respect to the § 60 cause of action is GRANTED.

### Fraud Under Georgia Law

■ The plaintiff has also alleged an action for fraud under Georgia law. The defendant counters that state law is totally pre-empted by the Railway Labor Act. In order to promote stability in labor-management relations in the important national industry of the railroads, Congress chose to confine disputes under collective bargaining contracts to the Adjustment Board, with limited federal court involvement and no state court intervention. In recognition of this purpose, it has been clearly established that federal law pre-empts all state or common law actions arising from "minor" disputes such as that involved in the instant action. For this reason, plaintiff's state fraud claim is pre-empted by the Railway Labor Act. *Andrews v. L & N R.R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Magnuson v. Burlington Northern,* 576 F.2d 1367 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). Defendant's motion for summary judgment with respect to the state fraud claim is GRANTED.

### Plaintiff's Constitutional Claim

Plaintiff seeks to fashion a "constitutional tort" cause of action on the ground that to discipline an employee for providing information to a fellow employee and FELA plaintiff abridges the first amendment right of free speech and assembly. The parties have not addressed the issue of whether there is sufficient state action to support a constitutional claim, and the court is highly suspicious that this necessary element is lacking. Nevertheless, there is yet a further reason why this claim cannot be maintained.

Any discussion of whether a cause of action may be implied directly from the Constitution must begin with *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Of course, the Constitution was drafted so as to define the distribution of power among the three branches of the federal government and between the federal and state governments. While its amendments define the relationship between the government and individuals, it is not ordinarily thought of as creating individual damage actions against government officials. Yet in limited instances, private rights of action have been implied directly from its provisions. *Bivens* and its progeny have created considerable debate concerning the propriety of the judiciary, as opposed to Congress, creating "constitutional tort" actions. In light of this delicate balance of power, the Supreme Court has held that a cause of action should

not be implied directly from the Constitution where Congress has provided an alternative remedy explicitly declared to be a substitute for recovery under the Constitution. *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–1472, 64 L.Ed.2d 15 (1980). In its last term, a unanimous Court held that where claims arise from an employment relationship that is governed by comprehensive substantive and procedural provisions of federal law providing meaningful remedies against the employer, it would be inappropriate for a federal court to supplement that statutory scheme with a new, nonstatutory damages remedy implied from the Constitution, *Bush v. Lucas,* —— U.S. ——, —— ———, 103 S.Ct. 2404, 2416–18, 76 L.Ed.2d 648, 664–65 (1983).

■ It is clear that Congress, in enacting the Railway Labor Act and the FELA, intended to create a comprehensive statutory scheme for resolving employment disputes such as plaintiff's. Plaintiff could have framed his constitutional claim under § 60 of the FELA, but has allowed the statute of limitations to expire.

It is clear that Congress is concerned about judicial intervention into labor-management relations in the railroad industry. The mandatory arbitration and limited judicial review provisions of the Railway Labor Act are evidence of this concern. The court believes that Congress would not desire the circumvention of this statutory scheme through the use of constitutional tort claims. Plaintiff's remedies were adequate without resort to this extraordinary form of relief. Therefore, under the reasoning of *Carlson v. Green* and *Bush v. Lucas, supra,* the defendant's motion for summary judgment with respect to the constitutional claim is GRANTED.

Having granted summary judgment in favor of defendant on all of plaintiff's claims as set forth in his re-cast complaint, it is the order of this court that judgment be entered against plaintiff upon all of the claims contained in his re-cast complaint.