813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dwight Malcolm MORRIS, Appellant,
v.
WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY, a corporation;
Norfolk Southern Corporation, a corporation, and Seaboard
System Railroad Company, Inc., partners d/b/a Winston-Salem
Southbound Railway Company; Norfolk & Western Railroad
Company, a corporation; and Seaboard System Railroad
Company, Inc., partners d/b/a Winston-Salem Southbound
Railway Company, Appellees.
 No. 85-1894.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1986.
Decided Nov. 5, 1986.
 
 Before WIDENER and MURNAGHAN, Circuit Judges, and MERHIGE, District Judge for the Eastern District of Virginia, sitting by designation.
 Frank O. Burge, Jr. (Burge, Powell & Wettermark; Gunter & Wansker, on brief), for appellant.
 William W. Walker (Craige, Brawley, Liipfert & Ross, on brief), for appellees.
 PER CURIAM:
 
 
 1
 This is an appeal from an order dismissing the plaintiff's complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff, an employee of the defendant railroad, brought this action alleging interference with his union activities in violation of the Railway Labor Act, 45 U.S.C. Sec. 152 Third and Fourth. Since the plaintiff's grievances are essentially minor disputes within the meaning of the Railway Labor Act which he personally has with his employer, they are within the exclusive jurisdiction of the grievance and arbitration procedures of the Act, and the district court was without subject matter jurisdiction to hear them. We affirm.
 
 
 2
 The plaintiff, Dwight Malcolm Morris, was both an employee of the defendant railroad, Winston-Salem Southbound Railway Company, and the local chairman of the Committee of Adjustment of the United Transportation Union. In this position, he was required to represent railroad employees who had grievances with the railroad due to violations of the collective bargaining agreement. The plaintiff alleges that the railroad harassed him for submitting "time claims" on behalf of employees by not permitting them any time off as long as Morris continued to submit the claim. He also claims to have been threatened with dismissal or bodily harm for these activities.
 
 
 3
 Morris also alleges that he was wrongfully discharged as a result of a dispute over his mileage allowances for "deadheading," a railroad practice provided for in the collective bargaining agreement. Upon being offered reinstatement by the railroad, the plaintiff failed a required medical examination which was performed by the employer's physician, and he consequently was not rehired. The plaintiff alleges that the exam was a requirement unique to him and questions the validity of its results.
 
 
 4
 The plaintiff alleges that these disciplinary measures were imposed on him in order to reduce the effectiveness of the union's representation by removing a competent local chairman, to discredit the union and the plaintiff in the eyes of the employees, and to intimidate him and all future local chairmen and cause them to fear reprisals in the future if union representatives try to enforce the provisions of the collective bargaining agreement.
 
 
 5
 Brought initially as a request for injunctive relief, the plaintiff's complaint seeks to prevent the railroad from medically disqualifying him from his former job, to enjoin its interference with his duties as a union representative, to remove from his personal records the disciplinary action against him and the results of his medical exam, and to receive back pay and compensatory and punitive damages.
 
 
 6
 Although the Railway Labor Act places exclusive jurisdiction for minor disputes arising from collective bargaining agreements subject to the Railway Labor Act within the grievance and arbitration procedures of the Act, Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320 (1972), there are judicially recognized exceptions to this rule. See Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 329-30 (1969). Morris relies on the exception recognized in some courts that a private right of action is implied in some circumstances where a railway employee, who is subject to a collective bargaining agreement, has been disciplined or discharged for engaging in protected union activities, in violation of Section 2 Third and Fourth of the Railway Labor Act, codified at 45 U.S.C. Sec. 152 Third (no party may interfere with, influence, or coerce the selection of representatives) and Fourth (it is unlawful for any employer to interfere with the organization of its employees). See Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 924 (1st Cir.1983); Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 709-10 (3d Cir.1982); Brotherhood of R.R. Trainmen v. Central Georgia Ry. Co., 305 F.2d 605, 607 (5th Cir.1962); Conrad v. Delta Air Lines, Inc., 494 F.2d 914, 917-18 (7th Cir.1974).
 
 
 7
 Although each of the discrete occurrences complained of by Morris concern typical disputes arising under the collective bargaining agreement between the railroad and him, over which the railway adjustment board would ordinarily have exclusive jurisdiction, he also alleged that the railroad interfered in the union's representation by a pattern of harassment and coercion, consisting of the discrete occurrences, and, since he was a representative of the union, he could individually press his claim. In deciding whether or not to dismiss the plaintiff's complaint, then, the court was faced with the question of whether Morris made out a claim under 45 U.S.C. Sec. 152 cognizable in a district court or whether his grievances primarily arose out of the collective bargaining agreement requiring resolution by an adjustment board. Compare Boors v. Southern Pacific Transp. Co., 703 F.2d 425 (9th Cir.1983), with Int'l Ass'n of Machinists v. Northwest Airlines, Inc., 673 F.2d 700 (3d Cir.1982).
 
 
 8
 The district court correctly held that each of Morris' grievances constituted a minor dispute and therefore must be raised before the railway adjustment board. The grievances expressed in the complaint are primarily Morris' personal disputes and present no clear pattern of harassment, and nearly all relief sought is personal to the plaintiff and is relief he could have sought in his prior proceedings before the adjustment board. The pleaded conclusion of harassment is intertwined with the discrete occurrences complained of under the collective bargaining agreement. Also to be considered is the fact that the union was not a party plaintiff here. Indeed, the district court gave as an alternate ground for its decision, as do we question, Morris' standing to raise a Sec. 152 claim of interference and coercion without the union as a party, but that is not a question we need decide.
 
 
 9
 "The so-called minor disputes," the Supreme Court has said, "on the other hand, involving grievances, affect the smaller differences which inevitably appear in the carrying out of major agreements and policies or arise incidentally in the course of an employment. They represent specific maladjustments of a detailed or individual quality. They seldom produce strikes, although in aggravated instances they may do so." Elgin, J. & E.R. Co. v. Burley, 325 U.S. 711, 724 (1945).
 
 
 10
 Even assuming the fact that Morris has disputed the position of the railway in each of the discrete occurrences complained of, and that is sufficient to distinguish his case from Northwest Airlines, supra, we think the conclusion that the sum of the discrete occurrences amount to harassment and coercion of him because he was the union's representative, nevertheless, is covered by the description of a minor dispute as defined in Burley just above. The incidents culminated in the failure of the railway to rehire Morris, which is what precipitated this suit, before the filing of which harassment was never mentioned to the railroad.
 
 
 11
 The record then showing nothing more than minor disputes with the railway, Morris' various claims should have been disposed of under the arbitration procedures of the Railway Labor Act. Accord: Boors, supra, which held, on facts little different than those before us, that "... the alleged harassments and the interference with the right of representation were exclusively matters for the NRAB and not within the jurisdiction of the federal district court." 703 F.2d at 429.
 
 
 12
 The judgment of the district court is accordingly
 
 
 13
 AFFIRMED.