943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal V. FARRAR, Plaintiff-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware
corporation; the United Transportation Union,
Defendants-Appellees.
 No. 90-15854.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
 Decided Sept. 6, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal Farrar appeals pro se the district court's grant of summary judgment in favor of his former employer, the Southern Pacific Transportation Co. ("SPTC") and the United Transportation Union ("UTU") in his action under the Railway Labor Act ("RLA"). We affirm.
 
 BACKGROUND FACTS
 
 3
 SPTC is a railroad carrier as defined by the RLA, 45 U.S.C. § 151. On January 21, 1986, SPTC first dismissed Farrar from his employment. The UTU appealed Farrar's termination to the Special Adjustment Board ("the Board"). The Board ordered SPTC to reinstate Farrar. On November 21, 1986, SPTC notified Farrar that he was reinstated to service with SPTC provided he promptly report for service and successfully pass the required physical and rules examinations within 30 days.
 
 
 4
 On April 22, 1987, SPTC conducted an investigation regarding Farrar's alleged violation of SPTC rules concerning an incident that occurred on February 28, 1987. As a result of the investigation, Farrar was adjudged liable for the event and was dismissed on April 29, 1987. Farrar appealed this second dismissal to the Board. The Board, however, denied his request for relief in April 1988.
 
 
 5
 Farrar brought this action against SPTC and UTU based on the events surrounding his second dismissal. Farrar's initial complaint sought relief for wrongful discharge and punitive damages. Farrar later amended his complaint. In his amended complaint, he sought: (1) review of the decision in which the Board heard and sustained SPTC's second termination of Farrar's employment; (2) recovery against the UTU for inadequate representation in connection with his second termination by SPTC; and (3) recovery against both SPTC and the UTU for intentional infliction of emotional distress.
 
 DISCUSSION
 
 6
 Federal court review of the Board's decision
 
 
 7
 A federal district court's scope of review of an award by the National Railroad Adjustment Board has been described as "among the narrowest known to the law." International Ass'n of Machinists v. Southern Pac. Transp., 626 F.2d 715, 717 (9th Cir.1980) (citation omitted). The Board's findings are conclusive and may be set aside only if: (1) the Board failed to conform or confine itself to matters within the scope of its jurisdiction; (2) the Board engaged in fraud or corruption; or (3) the Board failed to comply with the RLA's requirements. 45 U.S.C. § 153 First (q); Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978) (per curiam); Southern Pac. Transp., 626 F.2d at 717.
 
 
 8
 Farrar argues that the Board lacked jurisdiction to determine that he had violated SPTC's rules on February 28, 1987 because, although he had been reinstated, he had not yet been placed back on active duty as of that date and therefore was not an SPTC employee.
 
 
 9
 However, even if Farrar had not returned to active service as of February 28, he had been reinstated as an employee as of the date of the letter and therefore was subject to SPTC rules. All he needed to do before returning to active service was to pass the rules exam and a medical exam. Also, during his absence from active duty, he exercised rights and duties unique to SPTC employees: he retained his seniority rights, took a psychological exam pursuant to SPTC's request, and requested a formal investigation pursuant to SPTC's Article 57 on account of an alleged delay in his reinstatement.
 
 
 10
 Moreover, the dispute between Farrar and SPTC emanated from an "interpretation or application of agreements concerning ... rules." 45 U.S.C. § 153(i). In deciding whether Farrar's second dismissal was justified, the Board necessarily considered Farrar's status and whether the operating rules applied to him on February 28. "There is nothing in the Act which requires that the employment relationship subsist throughout the entire process of administrative settlement. The purpose of the Act is fulfilled if the claim itself arises out of the employment relationship which Congress regulated." Pennsylvania R.R. Co. v. Day, 360 U.S. 548, 551-52, 79 S.Ct. 1322, 1324, 3 L.Ed.2d 1422 (1959). Thus, a person not presently working for an employer in the sense that he is on the payroll may still considered an employee for purposes of the RLA. See Day, 360 U.S. at 551-52, 79 S.Ct. at 1324 (retired employee's action proper before the Board); Air Line Pilots Ass'n Int'l v. Alaska Airline, Inc., 735 F.2d 328, 329 (9th Cir.1984) (retired employee's action proper before the Board even when brought after retirement); Brotherhood of R.R. Trainmen v. Central of Ga. Ry. Co., 305 F.2d 605, 607 (5th Cir.1962) (longtime railroad employee on leave of absence from the railroad could be subject to investigation and possible discharge).
 
 
 11
 Farrar's argument that the district court had jurisdiction over his claim on the ground that a Board member engaged in fraud likewise lacks merit. Farrar has not presented any evidence which suggests there was fraud. Farrar's allegation that the Board "ignored the facts" cannot support a claim for fraud; it constitutes "no more than an attack on the Board's conclusions, and such challenges are not cognizable under [the RLA]." Steffens v. Brotherhood of Ry., Airline & S.S. Clerks, 797 F.2d 442, 447 (7th Cir.1986).
 
 Duty of fair representation
 
 12
 Farrar claims the two year statute of limitations applicable to fraud claims under the RLA should apply because the UTU's failure to represent him "was a pretext as a result of fraud and collusion by the Defendants." However, Farrar has failed to set forth specific evidence of the UTU's fraud. In any event, it is clear that the gravamen of Farrar's claim against the UTU is that it breached its duty of adequate representation.
 
 
 13
 In addition to his claim for inadequate representation, Farrar is also claiming a breach of the collective bargaining agreement. Thus, Farrar has asserted a "hybrid" claim: breach of the duty of fair representation against the UTU, and breach of the collective bargaining agreement against SPTC. The statute of limitations to be applied to hybrid claims is six months. Kelly v. Burlington N.R.R. Co., 896 F.2d 1194, 1197 (9th Cir.1990).
 
 
 14
 Farrar's cause of action accrued no later than the Board's decision on his appeal. That was in April of 1988, over a year before he brought this action. Therefore, the district court did not err in finding that his claim against the UTU for breach of its duty to adequately represent him is barred.
 
 Emotional distress claim
 
 15
 Finally, the district court did not err in determining that Farrar's claim for emotional distress was preempted by the RLA. Farrar's emotional distress claim relates to the delay in his reinstatement, abuse of SPTC's investigation procedures, the UTU's lack of representation and general allegations of harassment. These claims are inextricably intertwined with SPTC's rules and the RLA; they are therefore preempted by the RLA. See Beers v. Southern Pac. Transp. Co., 703 F.2d 425, 429 (9th Cir.1983); Magnuson v. Burlington N., Inc., 576 F.2d 1367, 1369-70 (9th Cir.), cert. denied, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d (1978).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3