15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Joseph JACKMAN, Plaintiff-Appellant,
v.
NORTHWEST AIRLINES, INC. Defendant-Appellee.
 No. 91-56116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1993.
Decided Dec. 29, 1993.
 
 Before HUG, SCHROEDER, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Joseph Jackman appeals from the district court's denial of his motion to vacate the arbitration award of the System Board of Adjustment, arising from his dismissal from employment at Northwest Airlines. We affirm the district court's order.
 
 
 3
 Jackman first contends that the district court's order denying his motion to vacate the award should be reversed because the Board failed to file with the district court a transcript of the arbitration proceedings. We reject this argument.
 
 
 4
 Jackman raises this issue for the first time on appeal.
 
 
 5
 We have permitted only narrow and discretionary exceptions to the general rule against considering issues for the first time on appeal. They are (1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, and (3) when the issue is purely one of law.
 
 
 6
 Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987). Because Jackman's appeal does not fit into any of these categories, we will not entertain this claim on appeal.
 
 
 7
 Jackman's second contention is that the district court erred in refusing to vacate the award because the Board failed to meet the requirements of the Railway Labor Act, 45 U.S.C. Sec. 158. We agree with the Sixth Circuit that 45 U.S.C. Secs. 157-58 do not apply to settled arbitration. See Jones v. St. Louis S.F.R. Co., 728 F.2d 257, 260 n. 2 (6th Cir.1984). We thus reject Jackman's argument.
 
 
 8
 Third, Jackman contends that the district court erred in ruling meritless Jackman's claim that the Board exceeded its authority by relying on an amendment to company rules. The district court was correct in finding that the Board's interpretation incorporating the amendment to company rules was "rationally inferable from the letter and purpose of the collective bargaining agreement." Intl. Ass'n. of Machinists v. So. Pac. Transp., 626 F.2d 715, 717 (9th Cir.1980).
 
 
 9
 Jackman's fourth contention is that the Board lost jurisdiction because Jackson never elected Union representation, and Northwest failed to obtain written permission from him to extend the time limits to complete its investigation of him. We reject this argument. The Board had jurisdiction to determine whether the statute of limitation had run. In its determination, the Board was entitled to interpret those rules agreed upon under the collective bargaining agreement. It is rational to infer from the collective bargaining agreement that Jackman was represented by the Union unless he notified the Board otherwise. Furthermore, the record reflects that Jackman was not only aware of his Union representation, but also acquiesced to it and benefited from it. Thus, we conclude that the Board acted within its authority and jurisdiction in accepting the written extension of time from the union.
 
 
 10
 Jackman's final contention is that the district court erred in finding that Jackman failed to establish fraud or corruption in the award. We agree with the district court and conclude that Jackman has failed to allege, much less establish, the elements necessary to establish fraud or corruption. See e.g. Stewart v. Ragland, 934 F.2d 1033, 1043 (9th Cir.1991) ("Under California law, a fraud action requires: 1) misrepresentation; 2) knowledge of the falsity of the representation; 3) intent to induce reliance; 4) justifiable reliance; and 5) damages.").
 
 CONCLUSION
 
 11
 The order of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3